STATE OF NEW JERSEY, PLAINTIFF IN ERROR, v.
DOMINICK SORGE, DEFENDANT IN ERROR.

Argued May 21, 1940—Decided October 10, 1940.

For the plaintiff in error, *Arthur C. Dunn,* prosecutor of the pleas; *Peter J. McGinnis,* assistant prosecutor of the pleas.

For the defendant in error, *Charles W. Chadwick* (*Anthony A. Calandra,* of counsel).

PER CURIAM.

The judgment is affirmed, for the reasons expressed in the opinion of Chief Justice Brogan.

Since the interests of justice plainly demand a retrial of the issue, we deem it prudent to discuss certain of the state's contentions.

Pointing to the observation of the Chief Justice that "the witness Pirola [the police officer] might with legal propriety have testified to what had happened on the occasion in question and to what he had seen and heard from Miss McLaren when confronted by Sorge, and in turn what the defendant said upon being confronted by Miss McLaren," the state maintains that "this is all that was done on the occasion in question;" that Pirola's "statement was not read into the evidence as indicated by the Supreme Court, but that the witness used it to refresh his memory as to what had been said;" that "the statement was not put in evidence;" and that the Supreme Court had failed to appreciate "the difference between the actual admission of the statement in evidence and the reading it by Pirola for the purpose of refreshing his memory as to what was said to the defendant by the complaining witness in her statement." The argument continues: "Consequently if orally she had repeated to the defendant the things she had said in her written statement, it would have been evidential without question. What is the difference then in principle of having reduced her charge to writing and then read to him? * * * What Mr. Pirola did by his testimony was to reproduce a scene and a colloquy between the defendant and the complaining witness * * *, thus bringing out admissible evidence as to defendant's reactions and responses to the charges."

The state is manifestly under a misapprehension as to the nature of the error found by the Supreme Court and the ground upon which the reversal was rested. Concededly, the statement was read aloud by the witness in the presence of the jury; and it was received as intended for their ears. Acknowledging that the accused's "comment" on the statement, when read in his presence, was that the act of intercourse "was with her consent," the state's attorney nevertheless insisted at the trial that its contents were admissible "to show a course of conduct—the manner in which the defendant reacted; * * * so that" the state "may argue to the jury why did he not say this, or that, in answer to the girl's statement or accusation, there being such a charge or accusation made against him, dealing with the various details that she

gave in this signed statement." And the trial judge ruled thus: "You can do it orally without having her statement in evidence;" whereupon, the witness was directed to "read the whole statement over," and to "tell us after refreshing your recollection from the statement just what was said on that occasion to her and what answers she gave." The statement was then read to the jury. Moreover, the motive which prompted its reading is immaterial. The fact is that it contained declarations extremely prejudicial to the accused, on the crucial issue of ravishment, by the person asserting that she was the victim of the crime; and it was palpably hearsay in nature unless made under circumstances warranting the inference of an express or implied assent by the accused to the truth of its contents. And such was not the case.

It was educed in evidence, and there was nothing in controversion, that the "only comment" made by the accused, after the reading of the statement, was that he had had "intercourse with the girl," but that "he didn't force the girl to it—he said that she was willing"—"he did not use force; it wasn't so that he used force." On that showing, the statement was clearly inadmissible, as the Chief Justice ruled. The logic of his opinion is unassailable. The fact that the "matter was stated in the presence of the accused and injuriously affects his rights" is not in itself sufficient to render the statement evidential against him. It is requisite that the conduct of the accused reasonably justify the conclusion of assent, express or implied, to the truth of its contents. *State* v. *D'Adame*, 84 *N. J. L.* 386; *State* v. *Claymonst*, 96 *Id.* 1; *Donnelly* v. *State*, 26 *Id.* 601. It is to be remembered that sexual intercourse was admitted.

But, by the same token, evidence was admissible to show that, when the accused was first confronted by Miss McLaren at the Paterson police headquarters, the latter said "That's the fellow that assaulted me," and that, when the witness Pirola asked him "if that was right—was that the truth?" he "lowered his head and he said nothing;" and also that, when the accused denied that he had "forced her," and insisted that "she was willing," Miss McLaren "jumped up out of her chair and in tears shouted, 'Why did you have to

choke me if I was willing or consented?'" and that there was no rejoinder by the accused.

While such conduct would clearly support the inference of an implied assent to the truth of the accusation thus made, it did not warrant the introduction into evidence of the written statement later made by Miss McLaren as a like admission by the accused, for then "the only comment" made by him was that, though he had intercourse with her, it was with her consent. Such admissions, made before the reading of Miss McLaren's written statement, manifestly did not justify the introduction of the contents as declarations against interest. They were separate and distinct transactions, although closely related in point of time. While the witness DeLuccia, unlike Pirola, was not at the outset clear in his recollection as to when the reference to choking was made—whether before, during the course of, or after reading of Miss McLaren's statement—he finally stated, in response to an inquiry by the trial judge, that his "testimony is practically the same" as Pirola's; and that was deemed to be its effect, without objection from either party. Furthermore, the contents of Miss McLaren's statement had then been conveyed to the jury as competent evidence.

*For affirmance*—The Chancellor, Parker, Bodine, Heher, Perskie, Dear, Wells, JJ. 7.

*For reversal*—Case, WolfsKeil, Rafferty, Hague, JJ. 4.